

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BARBARA MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF MORRISVILLE, TOWN OF<br>MORRISVILLE POLICE DEPARTMENT,<br>LAMOILLE SOUTH SUPERVISORY<br>UNION, COPLEY PROFESSIONAL<br>GROUP, LAMOILLE COUNTY MENTAL<br>HEALTH, VERMONT DEPARTMENT OF<br>EDUCATION<br><br>    Defendants. | Case No. 5:15-cv-00184 |

**OPINION AND ORDER**
(Doc. 1)

*Pro se* plaintiff Barbara Miller claims that defendants Town of Morrisville, Morrisville Police Department, Lamoille South Supervisory Union, Copley Professional Group, Lamoille County Mental Health Services, and the Vermont Department of Education caused her emotional stress through the misuse of their authority. She moves to proceed *in forma pauperis* under 28 U.S.C. § 1915 and has submitted an affidavit that satisfies the requirements of §1915(a) for *in forma pauperis* status. For the reasons set forth below, the proposed Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

    I.    **Background**

Miller alleges that defendants Town of Morrisville, Morrisville Police Department, and Lamoille South Supervisory Union misused their authority in the course of an unspecified incident at a local school. (Doc. 1-2 at 1.) She alleges that her efforts to expose racism in the school district and police department have produced emotional stress and pain as well as a general distrust of defendants. She also alleges that as a result of being blamed for "the way Mekhi was treated," she has "had to deal with being hit, cursed at, [and having] things thrown at"

her. (*Id.*) Against Copley Professional Group, Miller claims emotional stress and misuse of authority and alleges that a counselor misrepresented his interest and involvement in a family affair. (*Id.* at 2.) Miller claims that Lamoille County Mental Health Services caused her emotional stress because its employees were difficult to work with and a case manager falsified information about her. (*Id.*) She requests an investigation into "how civil rights cases are handled in Vermont"; money damages; an admission that racism and discrimination are real; and an apology from each defendant. (*Id.*) This is Miller's second action in this District against some of the same defendants concerning similar claims. *See Miller v. Town of Morrisville*, No. 2:14-cv-00005-wks (D. Vt. 2014) (dismissed without prejudice).

## II.   Standard for Dismissal of *Pro Se* Complaint

The court must read a *pro se* complaint liberally, *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), and must interpret any supporting papers "to raise the strongest arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (internal quotation omitted). Although "[p]ro se complaints are to be construed particularly liberally" when considering dismissal, *Mitchell v. Keane*, 974 F. Supp. 332, 338 (S.D.N.Y. 1997) *aff'd*, 175 F.3d 1008 (2d Cir. 1999), they must nonetheless state a plausible claim for relief. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may dismiss a proposed complaint for failure to state a claim upon which relief can be granted or where monetary relief is sought "against a defendant who is immune from such relief." 28 U.S.C. § 1915(d)(2)(B)(ii)-(iii).

Although courts generally grant *pro se* plaintiffs leave to amend at least once, *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002), it is not necessary where an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## III.   Analysis

At the outset, the court notes that it has no authority to order defendants to apologize or admit that racism and discrimination are real. Also, for purposes of this case in which all parties are located in Vermont, the court's authority is limited to hearing claims that a party's federal

rights, including constitutional rights, have been violated. There is no identifiable claim of a violation of a federal right in the complaint.

Although Miller is plainly frustrated with the services provided by Copley Professional Group, she fails to state a federal claim against it. Miller cites no constitutional provision or law, and it is unclear which constitutional right or federal law she alleges Copley violated through Miller's negative experience with one of its counselors. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915[e] both counsel dismissal."). Without a federal claim, this court lacks jurisdiction.

The court also lacks jurisdiction over Miller's claim of "emotional stress" against Lamoille County Mental Health Services. The complaint cannot plausibly be read to assert a federal cause of action, such as one of discrimination pursuant to 42 U.S.C. § 1981 or § 1983. *Cf. Miller v. Town of Morrisville*, No. 2:14-cv-5, 2015 WL 1648996, at *4 (D. Vt. Apr. 14, 2015) ("[W]hen evaluating a *pro se* complaint a court should not dismiss for lack of subject matter jurisdiction if the complaint can plausibly be read to set forth a federal cause of action.").

Against the Town of Morrisville, the Morrisville Police Department, and Lamoille South Supervisory Union, Miller alleges misuse of authority and emotional stress related to her efforts to deal with a problem at a local school. In the same paragraph, she notes that she "should not have to fight so hard to show that racism exist[s]." (Doc. 1-2 at 1.) Reading this claim liberally as one of racial discrimination under § 1983, it fails to offer any specific allegations that defendants committed discriminatory acts that harmed Miller.

Miller directs no claims or allegations at all against the Vermont Department of Education.

While it appears that Miller has experienced frustration and disappointment in her dealings with defendants, her proposed complaint does not allege any legal claims against them that would survive a motion to dismiss. Accordingly, the court dismisses all claims against all defendants.

The court determines that amendment would be futile. "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, even a liberal reading of Miller's complaint does not indicate the presence of a valid claim against any defendants. She has not alleged facts that would give rise to a plausible federal claim. She also has not identified any claims which are the type this court is authorized to hear. *See Teitelbaum v. Katz*, No. 12 CV 2858(VB), 2013 WL 3305775, at *2 (S.D.N.Y. July 2, 2013) (denying leave to amend *pro se* complaint where plaintiff "failed to allege *any* additional facts with respect to *any* defendant that g[a]ve rise to a plausible claim that any of the defendants acted under the color of state law or conspired to deprive plaintiff of his constitutional rights"); *see also Jenkins v. Sea-Land Serv., Inc.*, No. 92 Civ. 2380 (PKL), 1993 WL 322785, at *3 (S.D.N.Y. Aug. 19, 1993) ("'[A]lthough a *pro se* complaint is to be liberally construed, it must contain specific facts supporting its conclusions.'" (quoting *Lally v. Crawford County Trust & Sav. Bank*, 863 F.2d 612, 613 (8th Cir. 1988))). The court believes that any additional complaint concerning the school incident and Miller's dispute with her caregivers would be futile.

### IV.   Conclusion

For the reasons stated above, Miller's proposed complaint is dismissed with prejudice. Leave to amend is denied.

Dated at Rutland, in the District of Vermont, this 20th day of August, 2015.

Geoffrey W. Crawford, Judge
United States District Court